IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WESLEY J. HAM                                                PLAINTIFF

vs.                                  Civil No. 6:18-cv-06065

NANCY A. BERRYHILL                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Wesley J. Ham, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his applications for DIB and SSI on December 1, 2015. (Tr. 16). In these applications, Plaintiff alleges being disabled due to due to back problems and nerve damage in legs, feet and hips. (Tr. 250). These applications were denied initially and again upon reconsideration. (Tr. 16). Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 147-148).

1

Plaintiff's administrative hearing was held on May 24, 2017. (Tr. 40-71). At this hearing, Plaintiff was present and was represented by counsel, John Howard. *Id.* Plaintiff and Vocational Expert ("VE") Alissa Smith testified at the hearing. *Id.* At the time of the hearing, Plaintiff was forty-six (46) years old and had a high school education. (Tr. 45-46).

Following the hearing, on September 7, 2017, the ALJ entered an partially favorable decision denying Plaintiff's application for DIB. (Tr. 16-23). The decision was fully favorable with respect to the Title XVI application. *Id.*

In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through June 30, 2011. (Tr. 19, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the alleged onset date of August 1, 2010. (Tr. 19, Finding 2).

The ALJ determined that as of June 30, 2011, the date last insured, the evidence did not establish the existence of an impairment that was severe for purposes of step two that lasted a duration of twelve months. (Tr. 19, Finding 3). The ALJ found, beginning on December 1, 2015, Plaintiff had the following severe impairments: degenerative disc disease, osteoarthritis, and diabetes mellitus with neuropathy. (Tr. 21, Finding 4). Despite being severe, the ALJ determined that since December 1, 2015, those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 5).

The ALJ determined that since December 1, 2015, Plaintiff retained the RFC to perform sedentary work, except due to chronic disabling pain, is unable to complete a regular eight-hour workday or a regular 40-hour work week. (Tr. 21, Finding 6). The ALJ also determined that since December 1, 2015, Plaintiff was not capable of performing any of his past relevant work. (Tr. 22,

finding 7). The ALJ then determined that since December 1, 2015, there was no other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22, Finding 11). Based upon these findings, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, before December 1, 2015, but became disabled on that date. (Tr. 23, Finding 12).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 205-207). The Appeals Council denied this request for review. (Tr. 1-6). On July 18, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2.** **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

3

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in denying him DIB benefits and whether he had medically determinable impairments prior to June 30, 2011. ECF No. 11, Pgs. 6-11. In response, Defendant argues the ALJ did not err in any of her findings. ECF No. 12.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of April 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE